# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

DANIELLE REED, individually
and on behalf of all others similarly
situated,

                                              CIVIL ACTION NO.

              Plaintiff,

   vs.

PRIDE N' LIVING HOME CARE,
INC.,

              Defendant.

_____

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Danielle Reed ("Plaintiff"), individually and on behalf of all other similarly situated current and former employees of Pride N' Living Home Care, Inc. ("Defendant"), and on behalf of the members of the proposed Minnesota Rule 23 Class, brings this action against Defendant for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the Minnesota Fair Labor Standards Act, Minn. Stat. § 177.21, et seq. ("MFLSA"). Plaintiff states the following as her claims against Defendant:

## OVERVIEW

1.    Plaintiff brings claims to recover unpaid overtime compensation under § 216(b) of the FLSA. She brings these claims as a putative collective action, individually, and on behalf of and all current or former home care workers employed by Defendant at any time within three years prior to the filing of this Complaint to the present.

2. Plaintiff also brings claims to recover unpaid overtime compensation under the MFLSA, Minn. Stat. § 177.25. Plaintiff brings these claims as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## THE PARTIES

**Plaintiff**

3. Plaintiff Danielle Reed is a citizen of the United States domiciled in the City of Fridley, State of Minnesota. Plaintiff was employed by Defendant as a home care worker, specifically a Personal Care Assistant ("PCA"), from approximately June 2015 to June 2017.

4. Pursuant to 29 U.S.C. § 216(b), Plaintiff Reed consents in writing to be a party to the FLSA claims asserted. Her consent form is attached as Exhibit A. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

5. Plaintiff, those similarly situated, and the proposed Minnesota Rule 23 Class are or were employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and/or the MFLSA, Minn. Stat. §§ 177.23 and 177.24.

6. This action is brought as a putative collective action under the FLSA for failure to pay federally mandated overtime compensation.

7. This action is also brought as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the MFLSA, for failure to pay employees proper overtime wages for hours worked each week over forty-eight (48).

8. Defendant has willfully engaged in a pattern, policy, and practice of unlawful conduct for the actions alleged in this Complaint, in violation of the federal and state rights of Plaintiff, those similarly situated, and members of the proposed Minnesota Rule 23 Class.

**Defendant**

9. Defendant is a Minnesota corporation with its principal place of business located in Fridley, Minnesota. Defendant is a home care service provider that provides in home health care services to children and adults. The services Defendant provides includes personal care, skilled and private duty nursing, pediatric services, companionship, and respite care services.

10. Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 at all relevant times.

11. Plaintiff, and all those similarly situated, are or were individual employees engaged in commerce or in the production of goods or services for commerce as required by 29 U.S.C. § 207.

12. At all relevevant times, Defendant is, and has been, an "employer" of Plaintiff, those similarly situated, and the proposed Minnesota Rule 23 Class within the meaning of the FLSA, 29 U.S.C. § 203(d) and the MFLSA, Minn. Stat. §§ 177.23 and 177.24.

## JURISDICTION

13. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Plaintiff's claims arise under § 207(a) of the FLSA. Additionally, this Court has personal jurisdiction over Defendant, since Defendant conducts business in the District of Minnesota.

14. The Court also has supplemental jurisdiction, pursuant to 29 U.S.C. § 1367, over the state law claims asserted, as the state and federal claims derive from a common nucleus of operative fact.

## VENUE

15. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) as Defendant is domiciled within this District and under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise the claims occurred in this District.

## COLLECTIVE AND CLASS ACTION DEFINITIONS

16. The group of similarly situated employees sought to be certified under the FLSA, 29 U.S.C. § 216(b), as a collective action is defined as:

> All current or former home care workers employed by Defendant at any time since three years prior to filing this Complaint to the present (the "FLSA Collective").

17. The class of similarly situated employees sought to be certified under Fed. R. Civ. P. 23(a) and 23(b) as a class action under the MFLSA is defined as:

> All current and former home care workers employed by Defendant at any time since three years prior to filing this Complaint to the present (the "Minnesota Rule 23 Class").

## FACTUAL ALLEGATIONS

18. Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs.

19. Plaintiff, those similarly situated, and the members of the proposed FLSA Collective and Minnesota Rule 23 Class are or were employed by Defendant as home care workers to provide companionship and related in-home care services for the elderly, ill or disabled.

20. Defendant has suffered and permitted Plaintiff to regularly work more than forty (40) and/or forty-eight (48) hours in certain workweeks. Upon information and belief, Defendant has also suffered and permitted the members of the FLSA Collective, and members of the Minnesota Rule 23 Class to regularly work more than forty (40) and/or forty-eight (48) hours in certain workweeks.

21. Plaintiff and those similarly situated were not compensated in accordance with the FLSA and/or the MFLSA because they were not paid proper overtime wages for all hours worked over forty (40) and/or forty-eight (48) hours per workweek. Specifically, rather than paying them 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, which is required by the FLSA (29 U.S.C. § 207), and/or over forty eight (48) in a workweek, which is required by the MFLSA (Minn. Stat. § 177.25), Defendant paid them "straight time" for all of their overtime hours worked.

22. Defendant is aware, or should have been aware, that Plaintiff, the FLSA Collective, and members of the Minnesota Rule 23 Class perform work that requires them to work overtime. Defendant assigned Plaintiff's work schedule and required Plaintiff,

those similarly situated, and members of the Minnesota Rule 23 Class to report their work hours via bi-weekly timesheets, which routinely reflected overtime hours.

23. During her employment with Defendant, Plaintiff's hours have varied from week to week. In certain workweeks, Defendant required Plaintiff to work double shifts due to staffing/scheduling needs. As a result, Plaintiff routinely worked long hours to ensure her client received the care he needed. On average, Plaintiff typically worked approximately fifty (50) to (80) hours per week, depending on the needs of her client each workweek.

24. When Plaintiff was hired by Defendant, Plaintiff inquired to Defendant about whether it paid Personal Care Attendants overtime pay. Defendant informed her that it did not, and that all work hours would be paid at her regular hourly rate.

**COLLECTIVE ACTION ALLEGATIONS**

25. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

26. Plaintiff brings Count I of this action individually and on behalf and all similarly situated individuals in the proposed FLSA Collective.

27. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at an hourly rate of 1.5 times an employee's regular rate of pay for hours worked over forty (40) in a workweek.

28. The FLSA contains an exemption from overtime for "domestic workers" who provide companionship and other services to individuals who were unable to care for

themselves and also contains an exemption for live in domestic service workers. 29 U.S.C. §§ 213(b)(21) and 213(a)(15).

29. In October 2013, the United States Department of Labor determined that these exemptions do not apply to domestic-service workers employed by third-party agencies or employers.

30. Beginning on January 1, 2015, the regulations provide that domestic-service workers employed by third-party agencies or employers are not exempt from the FLSA's minimum wage and overtime requirements. 29 C.F.R. § 552.109(a).

31. As of January 1, 2015, all domestic-service workers employed by third-party agencies or employers are entitled to overtime compensation at an hourly rate of 1.5 times the employee's regular rate of pay for hours worked over forty (40) in a work week.

32. Plaintiff, and on information and belief, the FLSA Collective, routinely worked over forty (40) hours per workweek without receiving proper overtime compensation for their overtime hours worked.

33. For example, Plaintiff's schedule was typically to arrive at the client's home at approximately 7:00 a.m. She typically provided services for him until at least approximately 7:00 p.m. Her client needed extensive care because he was a quadriplegic. She worked this schedule, for instance, during her last weeks of employment. Even so, Defendant only paid her an hourly rate for all her hours worked, regardless of whether they were overtime hours.

34. Defendant has violated the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying domestic-service workers, like Plaintiff and the FLSA Collective, overtime as required by law.

35. Despite the Department of Labor's position that domestic-service workers employed by third-party agencies or employers are not exempt from the FLSA's minimum wage and overtime requirements, Defendant has maintained its practice of not paying the proper overtime compensation to Plaintiff and the FLSA Collective.

36. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective proper overtime compensation for all hours worked over forty (40).

## MINNESOTA RULE 23 CLASS ACTION ALLEGATIONS

37. Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs.

38. Pursuant to Fed. R. Civ. P. 23(a) and 23(b), Plaintiff bring Counts II and III of this action individually and on behalf of all similarly situated individuals in the Minnesota Rule 23 Class.

39. The persons in the Minnesota Rule 23 Class are so numerous that joinder of all members of the proposed Minnesota Rule 23 Class is impracticable. While the precise number of class members has not been determined at this time, Defendant, on information and belief, has employed at least 100 individuals as home care workers during the applicable statute of limitations period. Plaintiff and the proposed Minnesota Rule 23 Class have been equally affected by Defendant's violations of law.

40. There are questions of law and fact common to the proposed Minnesota Rule 23 Class that predominate over and questions solely affecting individual members of the proposed Minnesota Rule 23 Class, including but not limited to the following:

   a. Whether Defendant violated Minnesota law for failure to pay all overtime wages due and owing;
   b. The proper measure and calculation of damages; and
   c. Whether Defendant's actions were willful or in good faith.

41. Plaintiff's claims are typical of those members of the Minnesota Rule 23 Class. Plaintiff, like other members of the proposed Minnesota Rule 23 Class, was subject to Defendant's practices and policies described in this Complaint. Further, Plaintiff's job duties are typical of the Minnesota Rule 23 Class, as all class members are or were home care workers.

42. Plaintiff will fairly and adequately protect the interest of the proposed Minnesota Rule 23 Class and has retained counsel experienced in complex wage and hour class and collective action litigation.

43. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair an efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent

judgments pertaining to Defendant's policies and practices. There do not appear to be any difficulties in managing this class action.

44. Plaintiff intends to send notice to all members of the proposed Minnesota Rule 23 Class to the extent required by Fed. R. Civ. P. 23.

## CAUSES OF ACTION

### COUNT I – OVERTIME WAGES
### FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201, et seq.
*On Behalf of Plaintiff and the FLSA Collective*

45. Plaintiff individually, and on behalf of the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

46. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over forty (40) hours per workweek.

47. Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 et seq. and its implementing regulations.

48. Defendant knew, or showed reckless disregard for the fact, that it failed to pay these individuals proper overtime compensation in violation of the FLSA.

49. Defendant's failure to comply with the FLSA overtime protections caused Plaintiff and the FLSA Collective to suffer loss of wages and interest thereon.

50. Plaintiff and the FLSA Collective are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs under the FLSA.

### COUNT II – OVERTIME WAGES
### VIOLATION OF THE MINNESOTA
### FAIR LABOR STANDARDS ACT – Minn. Stat. § 177.21, et seq.
*On Behalf of Plaintiff and the Proposed Minnesota Rule 23 Class*

51. Plaintiff, individually and on behalf of the proposed Minnesota Rule 23 Class, re-alleges and incorporates all allegations in all preceding paragraphs.

52. Plaintiff and the proposed Minnesota Rule 23 Class were or are employees of Defendant within the meaning of the MFLSA, Minn. Stat. §§ 177.23 and 177.24.

53. Defendant was or is the employer of Plaintiff and the proposed Minnesota Rule 23 Class within the meaning of the MFLSA, Minn. Stat. §§ 177.23 and 177.24.

54. The MFLSA requires employers to pay their employees for hours worked over forty-eight (48) in an individual work week at a rate no less than one and one-half times their regular hourly rate of pay.

55. When Defendant paid Plaintiff and the Minnesota Rule 23 Class straight time, rather the required one and one-half times their regular hourly rate for hours worked over forty-eight (48) in a workweek, it violated the MFLSA.

56. The foregoing conduct constitutes a willful violation of the MFLSA within the meaning of Minn. Stat. § 541.07.

57. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Minnesota Rule 23 Class have suffered damages in an amount to be determined at trial.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed FLSA Collective, prays for relief as follows:

1. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

2. Judgment that Plaintiff and those similarly situated are entitled to the overtime protections under the FLSA;

3. Judgment against Defendant for violation of the overtime provisions of the FLSA;

4. Judgment that Defendant's violations of the FLSA were willful;

5. An award to Plaintiff and those similarly situated in the amount of unpaid overtime wages and liquidated damages;

6. An award of any pre- and post-judgment interest;

7. An award of reasonable attorneys' fees and costs;

8. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

9. Such further relief as may be necessary and appropriate.

**WHEREFORE**, Plaintiff as a class representative, individually and on behalf of the proposed Minnesota Rule 23 Class, prays for relief as follows:

1. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the proposed Minnesota Rule 23 Class, and the appointment of Plaintiff as class representative and her counsel as class counsel;

2. Judgment against Defendant for an amount equal to Plaintiff's and the proposed Minnesota Rule 23 Class' unpaid overtime wages;

3. Judgment that Defendant's conduct as described herein be determined and adjudicated to be in violation of the MFLSA;

4. A finding that Defendant's violations are willful;

5. An amount equal to Plaintiff's and the proposed Minnesota Rule 23 Class' damages as liquidated damages;

6. An award of any pre- and post-judgment interest;

7. An award of reasonable attorneys' fees and costs; and

8. Such further relief as the Court deems just and equitable.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of the putative FLSA Collective and proposed Minnesota Rule 23 Class demands a trial by jury.

Dated: October 11, 2018

Respectfully Submitted:

By /s/ Michele R. Fisher
Michele R. Fisher
MN Bar No. 303069
fisher@nka.com
Neil D. Pederson
MN Bar No. 0397628
npederson@nka.com
NICHOLS KASTER, PLLP
4600 IDS Center, 80 S. 8th Street
Minneapolis, Minnesota 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870

ATTORNEYS FOR PLAINTIFF AND
THE PUTATIVE FLSA COLLECTIVE
AND MINNESOTA RULE 23 CLASS