UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

DANIELLE REED, individually
and on behalf of all others similarly
situated,

              Plaintiff,         Case No.: 0:18-cv-02906-PJS-DTS

    vs.

PRIDE N' LIVING HOME CARE,
INC.,

              Defendant.

_____

**STIPULATION REGARDING SETTLEMENT AND DISMISSAL**
_____

This Stipulation of Settlement ("Stipulation") is made and entered into by and among: (1) Plaintiff Danielle Reed; (2) Plaintiff Ta'Nia Washington; (3) Plaintiff Danielle Jones; and (4) Defendant Pride N' Living Home Care, Inc., by and through their respective attorneys of record. This Stipulation incorporates by reference the parties' Settlement Agreement, which is attached as **Exhibit A**, and is intended by the parties to fully, finally, and forever resolve, discharge, and settle this case, subject to the terms and conditions in this Stipulation. (*See* Pederson Decl. Ex. A.)

**I.    Summary of Litigation**

On October 11, 2018, Plaintiff Danielle Reed filed this action on behalf of herself and other individuals similarly situated, alleging unpaid overtime wages for her hours worked as a home care worker for Defendant. (ECF No. 1 (Compl.).) She brought this

action pursuant to the federal Fair Labor Standards Act ("FLSA") and the Minnesota Fair Labor Standards Act ("MFLSA"). She asserted a putative collective action under Section 216 of the FLSA and a putative class action under Rule 23 for her MFLSA claim.

Plaintiff Ta'Nia Washington and Plaintiff Danielle Jones joined as opt-in Plaintiffs by filing consent forms with the Court. (ECF Nos. 9-1, 10-1.)

## II.   Defendant Denies Wrongdoing or Liability

Defendant denies that it failed to pay (or was required to pay) overtime; denies that the matter is appropriate to proceed as a collective or class action; and otherwise denies any and all wrongdoing alleged by Plaintiffs or otherwise. However, understanding the expense inherent in continued litigation, Defendant believes the terms of the settlement are fair and this Stipulation is in its best interests.

## III.   Claims of the Plaintiffs and Benefits of Settlement

Plaintiffs believe that the claims asserted in this case have merit. However, considering extenuating circumstances related to the ability of Defendant to pay due to the serious, imminent, and terminal health condition of Defendant's owner, and given that the expense of length of continued proceedings would only further aggravate these considerations, Plaintiffs and their counsel believe the settlement with Defendant is fair, reasonable, adequate, and in the bests interests of the Plaintiffs. *See Lynn's Food Stores, Inc., v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982) (an FLSA settlement should be a "fair and reasonable resolution of a bona fide dispute.")

**IV.    The Settlement**

The parties agreed to a total settlement amount of $20,000.00.  Under the settlement, Plaintiffs will receive a total of $15,000.00, and Plaintiffs' counsel will receive at total of $5,000.00 for attorney's fees and costs.

The $15,000.00 amount is reflective of each Plaintiff receiving 66% of their unpaid overtime wages, based on the parties' calculation, using a combination of Defendant's records and good-faith estimates from the clients, of two years of damages for hours worked over 40 in a workweek under the FLSA, and a third year of damages for hours over 48 in a workweek under the MFLSA.

The $5,000.00 amount is a significant reduction of the total fees and costs Plaintiffs' counsel incurred in the prosecution of this case to date, which total approximately $37,126.10, and constitutes a significant reduction of the 1/3 contingency fee contemplated in Plaintiffs' legal services agreements with counsel.

The parties agreed that Plaintiffs will receive their settlement payment within 60 days of the Court's entry of an order approving this Stipulation.  Plaintiffs' counsel will receive their share of the settlement proceeds within one year of that Order.  Each Plaintiff's settlement allocation is below:

| **60 Days** | |
| --- | --- |
| Ms. Reed | $6,966.81 |
| Ms. Washington | $356.37 |
| Ms. Jones | $7,676.82 |
| **Subtotal** | $15,000 |
| **1 Year** | |

3

| | |
|---|---|
| Nichols Kaster, PLLP Fees and Costs | $5,000 |
| **Total** | $20,000 |

## V.     Stipulation

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED:

1. That the claims of the three Plaintiffs released pursuant to the Settlement Agreement attached as **Exhibit A**, and subject to approval by the Court, shall be dismissed with prejudice, and that judgment be entered to that effect by the Court.

2. That the alleged putative collective and class claims for putative plaintiffs not subject to the Settlement Agreement, shall be dismissed without prejudice.

Respectfully submitted this March 8, 2019.

By: */s/ Neil Pederson*
Michele R. Fisher
MN Bar No. 303069
fisher@nka.com
Neil D. Pederson
MN Bar No. 0397628
npederson@nka.com
NICHOLS KASTER, PLLP
4600 IDS Center, 80 S. 8th Street
Minneapolis, Minnesota 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870

ATTORNEYS FOR PLAINTIFF AND
THE PUTATIVE FLSA COLLECTIVE
AND MINNESOTA RULE 23 CLASS

By: */s/ Matthew P. Lawlyes*

                                      Matthew P. Lawlyes
                                      MN Bar No. 0396832
                                      mlawlyes@wilsonlg.com
                                      Michael D. Gavigan
                                      MN Bar No. 0393053
                                      mgavigan@wilsonlg.com
                                      WILSON LAW GROUP
                                      3019 Minnehaha Ave, Suite 200
                                      Minneapolis, MN 55406
                                      Telephone: 612-436-7100
                                      Facsimile: 612-436-7101

                                      ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 8, 2019, the foregoing was served by electronically filing with the Clerk of Court using the CM/ECF system.

> */s/ Neil Pederson*
> Neil Pederson